UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ARCHILLE P. HOLMES, JR.** | **CIVIL ACTION NO. 23-1469** |
| | **SECTION P** |
| VS. | |
| | **JUDGE TERRY A. DOUGHTY** |
| **CADDO PARISH SHERIFF'S OFFICE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Plaintiff Archille P. Holmes, Jr., a pre-trial detainee at Caddo Correctional Center ("CCC") proceeding pro se, filed this proceeding on approximately October 16, 2023, under 42 U.S.C. § 1983.  He names the following defendants: Caddo Parish Sheriff's Office, Commander R. Farris, and Grievance Sergeant M. Anderson.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff states that on April 7, 2023, Deputy Cantor took inmates' recreation time after one inmate yelled "on the tier."  [doc. #s 1, p. 3; 6, p. 2].  Plaintiff approached Deputy Cantor to express his concerns about the fairness of taking inmates' recreation time.  [doc. # 6, p. 2].  Cantor sprayed Plaintiff with "freeze plus P OCAT."  *Id.*  Plaintiff "got defensive while [he] couldn't see and began to swing because [he has] been in that type of situation before where a deputy sprayed [him] and beat [him]."  *Id.*  Cantor kicked Plaintiff in his stomach.  *Id.*  When Cantor tried to kick him again, Plaintiff blocked the kick.  *Id.*  Plaintiff was sprayed with mace

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

again inside his right ear, which caused him to later suffer hearing loss and a ringing sound "from time to time." *Id.* at 2. He then "got on the ground with [his] hands behind [his] back." *Id.* Plaintiff is "not claiming that Deputy N. Cantor used excessive force." [doc. # 10].

Plaintiff states that he "supposedly" committed a battery on Deputy N. Cantor during the incident described above. [doc. # 1, p. 3]. Plaintiff was "rehoused to Seg1 and given the disciplinary. [sic]." *Id.* On April 14, 2023, he "received a sanction of 60 days on Behavioral Management Unit (BMU) status." [doc. # 1, p. 3]. He did not receive "a notice of the disciplinary and an opportunity to respond." [doc. # 6, p. 4].

"Seg 1 is divided into . . . A-Seg (Administrative Segregation)" and "D-Seg (Disciplinary Segregation)." [doc. # 6, p. 3]. Plaintiff was assigned to A-Seg, where he remains. *Id.* If inmates in A-Seg stay "out of trouble they get brought up in [a] custody board meeting and go back to general population, [but] if they're staying in trouble it extends their stay." *Id.*

In A-Seg, Plaintiff is "not able to leave" his cell without handcuffs connected to ankle shackles unless he is showering. [doc. # 6, p. 3]. He is not permitted to use tablets to contact his family, to use the law library, or to access facility forms, an education application, or media (games, music, movies, and television). *Id.* He is "not allowed out around others." *Id.* In contrast, inmates in general population are allowed to use tablets, congregate with others, engage in recreation for two hours twice each day, participate in programs, and ambulate unrestrained. *Id.* at 4.

Plaintiff claims that he remains in Seg1 despite completing his "sanction" on June 12, 2023. [doc. # 1, p. 3]. He maintains that he has only received one disciplinary action and that he did not receive any additional discipline or lockdown reports while in Seg1. *Id.* He alleges that

"other inmates who have done the same said offense are back in general population with less time." *Id.*

On September 16, 2023, Plaintiff filed a grievance under an administrative remedy procedure. *Id.* On September 20, 2023, a custody board refused his request to return to the facility's general population. *Id.* Plaintiff claims that on September 26, 2023, Grievance Sergeant M. Anderson rejected his grievance without allowing him "the proper proceedings . . . ." [doc. #s 1, p. 3; 6, p. 2]. Plaintiff adds that there were no additional 'steps' to take under the administrative remedy procedure. [doc. # 6, p. 2].

Plaintiff suggests that Grievance Sergeant M. Anderson signed the rejection and that Commander R. Farris noted in the rejection that he concurred with Sergeant Anderson. [doc. # 1, p. 3]. Commander Farris also allegedly told Plaintiff's step-mother that Plaintiff was "not going back to general population ever" because "of [his] previous history in [CCC] . . . ." [doc. # 6, p. 2]. Plaintiff "feels that since [his] history that [Farris is] considering at CCC is from 2016 maybe 2014 that [Farris] shouldn't count that against [him]. [sic]." *Id.*

Plaintiff claims that the Caddo Parish Sheriff's Office "should have had better training and/or safety procedures . . . ." [doc. # 6, p. 1].

Plaintiff seeks $1,000,000.00 in compensation because "being in Seg is starting to play on [his] mental having [him] talking to [himself] and answering [himself] as if [he] is becoming insane. [sic]." [doc. #s 1, p. 4; 6, p. 4].

## Law and Analysis

**1. Preliminary Screening**

As a prisoner seeking redress from an officer or employee of a governmental entity,

3

Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

4

task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra*. A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

For relief, Plaintiff seeks $1,000,000.00 in compensation because "being in Seg is starting to play on [his] mental having [him] talking to [himself] and answering [himself] as if [he] is becoming insane. [sic]." [doc. #s 1, p. 4; 6, p. 4].

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (*quoting Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action when he was incarcerated. [doc. #s 1, p. 2; 1-2]. As to all his claims, he seeks monetary compensation for only mental or emotional injuries he suffered while in custody.

Plaintiff did appear to seek compensation for physical injuries he experienced from Deputy Cantor's use of force, but Plaintiff later clarified that he is not claiming excessive force, and he dismissed Cantor as a defendant. [doc. #s 6, p. 4; 10, p. 1]. Further, the physical injuries Plaintiff describes are unrelated to his extant claims and associated request for monetary compensation. *See Delgado v. U.S. Marshals*, 618 F. App'x 236, 237 (5th Cir. 2015) (affirming the dismissal of one of several claims under 42 U.S.C. § 1997e(e), because although the plaintiff

6

suffered a physical injury, the injury was not related to the claim to which the court applied Section 1997e(e)).[3] In other words, he does not allege that he suffered any physical injury—or any other injury or damage compensable by monetary relief—*because* any defendant assigned him to, or failed to remove him from, Seg1, *because* any defendant rejected his grievance, or *because* the Sheriff's Office lacked better training or procedures.

Plaintiff does not present a prior showing of physical injury or the commission of a sexual act as defined in 18 U.S.C. § 2246. Thus, he may not recover compensation for mental or emotional injuries.

Accordingly, the Court should dismiss Plaintiff's request for compensatory relief. As Plaintiff does not seek any other cognizable relief for his claims, the Court should dismiss them.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Archille P. Holmes, Jr.'s claims be **DISMISSED WITH PREJUDICE** for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

[3] *See also Jackson v. Herrington*, 393 F. App'x 348, 354 (6th Cir. 2010) ("Although Jackson repeatedly asserts that his larger '*action*' contains allegations of a dental injury, and implies that this meets the injury requirement, our precedent demonstrates that, absent injury related to the strip search, his Eighth Amendment claim is not cognizable under § 1997e(e)."); *Green v. Denning*, 2010 WL 781723, at *3 (D. Kan. Mar. 5, 2010) ("[T]he physical injury requirement in § 1997e(e) is claim specific."); *Turner v. Schultz*, 130 F. Supp. 2d 1216, 1224 (D. Colo. 2001) ("It would be contrary to this stated intent to allow a prisoner to bring any number of claims to court on the back of one injury."); *Beem v. Kansas*, 2012 WL 1534592, at *4 (D. Kan. Apr. 30, 2012) ("[M]erely bringing a case with one physical injury does not relieve all other claims from the physical injury requirement.").

party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 5th day of February, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge